UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRY TRIPP,
          Petitioner,
     v.                                No. 2:17-cv-00239-JMS-MJD
BRIAN SMITH IDOC,
          Respondent.

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Terry Tripp for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-01-0142. For the reasons explained in this Entry, Tripp's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 4, 2017, Sgt. Helton wrote a Report of Conduct that charged Tripp with Class B offense 215, Unauthorized Destruction of Property. The Conduct Report states:

> On January 04, 2017 at approximately 16:00 hours, I, Sgt. Helton was in DRHU, B-Range, Office reviewing Camera Observation Cell D13 on Date: 01/04/2017 at approximate Time: 14:16 hours I observe offender Terry Tripp #103679 in DRHU, Cell-D13 ripping/tearing open the mattress in the cell. At approximate time 14:23 hours offender Tripp begins to remove the cover completely. I identified Terry Tripp #103679 by his State issued identification and informed him of this Report of Conduct.

DRHU is the Disciplinary Restricted Housing Unit at Putnamville. On January 13, 2017, Tripp was notified of the disciplinary charge when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Tripp was notified of his rights, pleaded not guilty, and did not request a lay advocate. Tripp did not request any witnesses or physical evidence.

The hearing officer conducted the disciplinary hearing in ISF17-01-0142 on January 19, 2017. 1 Tripp's comment was "The day this happened I was cutting myself. I've been going through a lot. I'm guilty but here lately I'm going through it & no one will help." The hearing officer found Tripp guilty of the charge of Destroying State Property. In making this determination, the hearing officer considered staff reports and Tripp's statement, and the pictures. The reason for the decision was "H/O accepts plea." The sanctions included an earned credit time deprivation of 30 days, and imposition of suspended sanctions and demotion from Credit Class 1 to Credit Class 2. The hearing officer imposed the sanctions because of the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Tripp's appeals were denied and he filed this petition for a writ of habeas corpus.

C. **Analysis**

Tripp challenges the disciplinary action against him arguing that he suffers from mental illness and the hearing officer did not review his mental health record or consider his mental health status in violation of Indiana Department of Correction ("DOC") policy. He also contends that the sanctions were overly harsh.

1. *Tripp's Mental Health*

Tripp first contends that the hearing officer violated DOC policy by failing to review his mental health record and not taking his mental state into account when imposing sanctions. But the violation of DOC policy alone does not rise to the level of a due process violation. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for violations of U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). And Tripp did not request any witnesses or evidence to support his claims. Tripp has therefore failed to show any due process violation based on his claim that the hearing officer failed to review his mental health.

2. *Sanctions*

Tripp also argues that the sanctions against him were overly harsh. Tripp was found guilty of Class B offense 215, Destruction of State Property. The sanctions were a written reprimand, 30 days loss of telephone privileges, restitution, an earned credit time deprivation of 30 days, and demotion from credit Class 1 to credit Class 2. Under DOC policy, the maximum allowable sanctions for a Class B offense are three months in disciplinary segregation, 30 days of restricted privileges, 90 days of lost earned credit time, and a one-grade reduction in credit class. In other words, Tripp could have been sanctioned with a more severe credit time deprivation. In denying Tripp's second administrative appeal the Final Review Authority noted that "[t]he

sanctions imposed were well within the guidelines of the Disciplinary Code for Adult Offenders".

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Tripp to the relief he seeks. Accordingly, Tripp's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/18/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY TRIPP
103679
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov